IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RANDY LEE CAPEHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-065 |
| | ) | |
| TYRONE OLIVER; J. RANDALL SAULS; | ) | |
| WARDEN SHAWN GILLIS; and DR. NEAV, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case on September 17, 2024. (Doc. no. 1.) Because he paid the initial filing fee and is proceeding *pro se*, on September 18, 2024, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained Plaintiff is responsible for serving all Defendants and directed the Clerk of Court to attach a copy of Rule 4 to the September 18th Order so Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1-2.) The Court specifically informed Plaintiff that, pursuant to Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and failure to accomplish service could result in dismissal of the case. (Id. at 2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order on December 20, 2024, directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect

service. (Doc. no. 5.)

In response, Plaintiff filed a completed signature block found under the "Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons" template contained in Federal Rule of Civil Procedure Rule 4. (Doc. no. 6, p. 1); see also Fed. R. Civ. P. 4. He also attached a copy of the Court's Order asking him to explain his failure to timely effectuate service. (Id. at 2-3 (copy of doc. no. 5).) Plaintiff's returned copy of the Rule 4 excerpt merely contains his signature, personal information, and the date, without any explanation whatsoever regarding his failure to timely effect service. (See generally id.) Moreover, there has been no activity on the docket to indicate Plaintiff has made any attempt to effectuate service, such as the issuance of summons for Defendants.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds no other circumstances warrant an extension of the service period. The Advisory Committee Note to Rule 4(m) provides guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). The responsibility for effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Although Plaintiff completed the signature section of the sample "Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons" found in Rule 4, (see doc. no. 6), he filed this signed notice with *the Court*, and there is no indication that Plaintiff has tried to serve a complete notice and waiver request on

any Defendant, much less is there any indication that any Defendant may be attempting to evade service.

Moreover, although it is unclear whether the statute of limitations has run based on the scant details alleged in Plaintiff's complaint, as he provides May 5, 2022, as the date his injuries "star[t]ed," (doc. no. 6, pp. 4, 5), Plaintiff previously commenced a case alleging the same claims as the complaint filed in the above-captioned case.  See Capehart v. Comm'r of the Ga. Dep't of Corr., CV 324-030, doc. no. 4 (S.D. Ga. Apr. 23, 2024) (hereinafter "CV 324-030").  In CV 324-030, Plaintiff's amended complaint alleged claims regarding the refusal of medical care beginning on May 2, 2022, through January 12, 2023, named functionally identical Defendants as the instant case,[1] and sought ten million dollars in monetary damages.  See CV 324-030, doc. no. 4.  In the instant case, Plaintiff alleges he sustained injuries starting May 5, 2022, from lack of medical care, and seeks ten million dollars in monetary damages.  (Doc. no. 1, pp. 4-8.)  Indeed, Plaintiff confirms he previously filed another lawsuit dealing with the same facts involved in the above-captioned action by checking the box "yes" and stating "[the prior lawsuit] is [t]he same one [t]hat I am working on."  (Id. at 9.)

The undersigned recommended dismissing Plaintiff's amended complaint in CV 324-030 for failure to follow a court order, as Plaintiff's amended complaint did not contain sufficient additional details in accordance with the Court's Order instructing Plaintiff to

---

[1] In CV 324-030, Plaintiff named as Defendants (1) the Commissioner of the Georgia Department of Corrections, (2) Assistant Commissioner Overseeing Health Care, (3) Wheeler Correctional Prison, and (4) Dr. Neav.  (CV 324-030, doc. no. 4, pp. 1, 2.)  In the above-captioned case, Plaintiff again names Dr. Neav, as well as Tyrone Oliver, Commissioner of the Georgia Department of Corrections; J. Randall Sauls, Commissioner Assistant Overseeing Health Care; and Shawn Gillis, the Warden of Wheeler Correctional Prison.  (Doc. no. 1, pp. 1, 2-3.)  Thus, the only difference in named Defendants between the two cases is that Plaintiff provided specific names for all Defendants in the instant case, while he identified three of the Defendants in CV 324-030 by title only.

amend, and for failure to state a claim upon which relief may be granted. CV 324-030, doc. no. 5. United States District Judge Dudley H. Bowen, Jr., adopted the Report and Recommendation and dismissed Plaintiff's case. Id., doc. no. 10. Therefore, despite the ambiguity surrounding whether the statute of limitations has expired in the above-captioned case, Plaintiff already had an opportunity to litigate the claims alleged in the complaint and failed to properly do so, which counsels against extending the service period.

Because Plaintiff has not provided any explanation about service as directed in the Court's December 20th Order or otherwise shown he has taken any action to advance the case since filing his complaint, Plaintiff has effectively abandoned his case. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").

Additionally, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F.

4

App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)); <u>see also</u> Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

In sum, Plaintiff commenced this case over ninety days ago, and the Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case. (<u>See</u> doc. nos. 4, 5.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendants and abandonment of the case. See <u>Schnabel v. Wells</u>, 922 F.2d 726, 728-29 (11th Cir. 1991); <u>Eades</u>, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 15th day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA